PER CURIAM HEADING




 NO. 12-01-00294-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 APPEAL FROM THE 321ST


IN THE INTEREST OF 

CALVIN DALE SMITH,
§
 JUDICIAL DISTRICT COURT OF



§
 SMITH COUNTY, TEXAS






PER CURIAM


 This appeal is being dismissed for failure to comply with the Texas Rules of Appellate
Procedure. Tex. R. App. P. 42.3. (1) Pursuant to Texas Rule of Appellate Procedure 32.1, Appellant's
docketing statement was due to have been filed at the time the appeal was perfected, i.e. October 15,
2001. On November 8, 2001, this Court notified Appellant that the docketing statement was past
due and that unless the docketing statement was filed on or before November 19, 2001, the appeal
would be presented for dismissal pursuant to Rule 42.3. As of November 26, 2001, Appellant has
not filed the docketing statement as required by Rule 32.1 and the court's notice. 

 Furthermore, under Texas Government Code sections 51.207(b) and 51.941(a)(1) and Texas
Rule of Appellate Procedure 5, Appellant was required to tender a filing fee of $125.00 upon filing
his appeal. On November 8, 2001, this Court notified Appellant that the filing fee was past due, and
that unless he paid the fee on or before November 19, 2001, the appeal would be presented to the
Court for dismissal pursuant to Tex. R. App. P. 42.3. As of November 26, 2001, Appellant has not
paid the filing fee as required by Rule 5 and the court's notice.

 Appellant having failed, after notice, to comply with Tex. R. App. P. 5 and 32.1, the appeal
is dismissed. Tex. R. App. P. 42.3(c).


Opinion delivered November 28, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.






(DO NOT PUBLISH)
























 

1. Tex. R. App. P. 42.3 provides:


 Involuntary Dismissal in Civil Cases. Under the following circumstances, on any party's motion
-- or on its own initiative after giving ten days' notice to all parties -- the appellate court may
dismiss the appeal or affirm the appealed judgment or order. Dismissal or affirmance may occur if
the appeal is subject to dismissal: 

 (a) for want of jurisdiction:

 (b) for want of prosecution; or 

 (c) because the appellant has failed to comply with a
requirement of these rules, a court order, or a notice from the
clerk requiring a response or other action within a specified
time.